UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADELL DEMARAIS, on behalf of V.A.D., a minor child,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant. | No. CV-05-0025-MWL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment, noted for hearing without oral argument on November 7, 2005. (Ct. Rec. 12, 17).  Adell Demarais ("Mrs. Demarais"), on behalf of her minor daughter, V.A.D. ("Plaintiff"), did not file a reply. Attorney Lora Lee Stover represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security ("Commissioner").  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Ct. Rec. 17), **DENIES** Defendant's Motion for Summary Judgment (Ct. Rec. 12), and **REMANDS** the case for further proceedings.

- 1 -

**JURISDICTION**

On November 25, 2002, Plaintiff filed an application for Supplemental Security Income ("SSI") benefits, alleging disability since September 15, 2002, due to a learning disability. (Administrative Record ("AR") 49-52, 102). The application was denied initially and on reconsideration. On August 11, 2004, Plaintiff appeared before Administrative Law Judge ("ALJ") Richard Hines, at which time testimony was taken from Plaintiff and Plaintiff's mother, Mrs. Demarais. (AR 297-321). On September 8, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. (AR 19-25). The Appeals Council denied a request for review on December 29, 2004. (AR 5-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). On February 1, 2005, Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g). (Ct. Rec. 1).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner and will only be summarized here. Plaintiff was 14 years old on the date of the ALJ's decision. (25, 49). At the administrative hearing held on August 11, 2004, Plaintiff testified that she lived with her mother and father and was attending special education classes at a middle school in Spokane, Washington. (AR 302, 304). Plaintiff stated that she was going to be attending special education classes at the high school level this coming school year. (AR 304-305). She indicated that she had a few friends she spent time with outside of school and played

video games at home for fun. (AR 305-306). Plaintiff testified that she did not participate in extra-curricular activities, did not belong to any clubs and did not attend any courses outside of school. (AR 305, 307).

At the administrative hearing held on August 11, 2004, Mrs. Demarais testified that her household consisted of herself, her husband and Plaintiff, and their source of income came from SSI benefits both her and her husband received and from a state adoption check for Plaintiff. (AR 308). Mrs. Demarais stated that she believed Plaintiff was disabled because "her teacher . . . said that . . . I should try to get SSI for her because she's got a learning disability." (AR 310). Mrs. Demarais stated that Plaintiff is going into the ninth grade yet she is only doing third and fourth grade work at school. (AR 310).

Mrs. Demarais testified that Plaintiff gets along with other children, gets along with her and her husband, is not a discipline problem at school, and does not have any particular problems with individual teachers. (AR 311-312). Mrs. Demarais stated that Plaintiff likes school, does not like to miss even one day of school, and did not miss much school. (AR 311-312). Mrs. Demarais indicated that Plaintiff likes to play basketball and baseball, hit a punching bag, and ride her bicycle and scooter. (AR 312). She stated that Plaintiff had never been treated outside of the school setting for any emotional problems by a counselor, psychiatrist or psychologist. (AR 312).

Mrs. Demarais testified that she "kind of" considered Plaintiff to be an average 14 year old, and that Plaintiff plays with other children about her same age. (AR 314-315). She stated

that Plaintiff does not have any difficulties dressing herself, using the bathroom, or doing her hair. (AR 315). Mrs. Demarais indicated that Plaintiff is able to tell time, count change and could look up numbers in a phone book. (AR 316-317).

At the end of the hearing, Plaintiff's counsel argued that it would be appropriate for the file to be reviewed by a licensed psychologist, or for another consultative exam to be completed, given the teacher's comments that Plaintiff has a very serious problem as far as comprehending oral instructions, understanding school and content vocabulary, reading and comprehending written material, et cetera. (AR 319-320). No medical expert was called upon to give testimony at the administrative hearing.

## **SEQUENTIAL EVALUATION PROCESS**

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub. L. 104-193, 110 Stat. 105 which amended 42 U.S.C. § 1382c(a)(3). Under this law, a child under the age of eighteen is considered disabled for the purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i) (2003).

The regulations provide a three-step process in determining whether a child is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, then the analysis proceeds to step two. Step

two requires the ALJ to determine whether the child's impairment or combination of impairments is severe. 20 C.F.R. § 416.924(c). The child will not be found to have a severe impairment if it constitutes a "slight abnormality or combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. If, however, there is a finding of severe impairment, the analysis proceeds to the final step which requires the ALJ to determine whether the impairment or combination of impairments "meet, medically equal or functionally equal" the severity of a set of criteria for an impairment in the listings. 20 C.F.R. § 416.924(d).

The regulations provide that an impairment will be found to be functionally equivalent to a listed impairment if it results in extreme limitations in one area of functioning or marked limitations in two areas. 20 C.F.R. § 416.926a(a). To determine functional equivalence, the following six domains, or broad areas of functioning, are utilized: acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for yourself and health and physical well-being. 20 C.F.R. § 416.926a.

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is

not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is

conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ALJ'S FINDINGS

The ALJ found at step one that Plaintiff has never engaged in substantial gainful activity. (AR 20). At steps two, the ALJ determined that Plaintiff suffers from the following severe impairments: asthma, borderline intellectual functioning and a learning disorder. (AR 22). The ALJ determined that the evidence of record demonstrated that Plaintiff's impairments, although severe, do not meet, medically equal, or functionally equal the criteria of any of the listings impairments. (AR 22, 25).

With regard to functional equivalence, the ALJ made the following findings: Plaintiff has less than marked limitations in acquiring and using information, Plaintiff has less than marked limitations in attending and completing tasks, Plaintiff has no limitation in interacting and relating with others, Plaintiff's ability to move about and manipulate objects is unimpaired, Plaintiff has no limitation to a less than marked limitation in her ability to care for herself, and Plaintiff has a less than marked limitation in health and physical well being. (AR 23-24). The ALJ thus determined that Plaintiff's impairments did not result in any marked or extreme limitations in any of the assessed domains. (AR 24). Accordingly, the ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act. (AR 24-25).

///

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law. Specifically, she argues that:

1. The ALJ failed to fully and fairly develop the record with regard to Plaintiff's psychological impairments;

2. The ALJ erred by failing to elicit testimony from a medical advisor/psychologist to address the listings as well as the domains of functioning;

3. The ALJ erred by failing to adequately address the severity of Plaintiff's impairments, individually, as well as in combination; and

4. The ALJ's decision is legally insufficient upon which to deny benefits to Plaintiff.

This court must uphold the Commissioner's determination that Plaintiff is not disabled if the Commissioner applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.

**DISCUSSION**

Plaintiff argues that the ALJ failed in his duty to fully and fairly develop the record in this case. (Ct. Rec. 13, pp. 10-11). Plaintiff specifically contends that the ALJ failed to adequately assess the severity of Plaintiff's impairments by refusing to order an additional consultative psychological evaluation or to utilize a medical advisor in order to determine the nature and extent of Plaintiff's psychological impairments. (Ct. Rec. 13, p. 11).

///
///

The ALJ has a duty to fully and fairly develop the record. *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). However, the Ninth Circuit places on Plaintiff the burden of proving prejudice or unfairness as a result of an ALJ's failure to develop the record fully. *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1991) (If a Plaintiff can demonstrate prejudice or unfairness as a result of the ALJ's failure to fully and fairly develop the record, the decision may be set aside).

The undersigned notes at the outset that the medical evidence in this case was quite minimal. Therefore, an updated consultative examination or medical expert testimony regarding Plaintiff's impairments and limitations might very well have been beneficial to the ALJ in this case. In any event, as aptly pointed out by Plaintiff, *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006 (9th Cir. 2003), requires an ALJ to rely on a case evaluation from a pediatrician or other appropriate specialist, based on the record in its entirety, rather than simply constructing his own case evaluation from the record. In *Wolff*, the Ninth Circuit determined that the ALJ in a child disability case erred by relying on individual evaluations and reports of separate specialists, rather than relying on a specialist evaluating the case as a whole. *Wolff*, 341 F.3d at 1014. The Court held that 42 U.S.C. § 1382c(a)(3)(I) directs that, before making a determination whether a child is disabled within the meaning of the Social Security Act, an ALJ must obtain a case evaluation by a qualified medical professional who considers all of the relevant evidence of record. *Id*.

///

In the case at hand, Joyce Everhart, Ph.D., completed an evaluation of Plaintiff on April 15, 2003, on behalf of the Division of Disability Determination Services. (AR 243-247). Dr. Everhart indicated that medical records were not available for review, but she did have available for review an October 1, 1999 school psychological examination, September 29, 1999 results of the Woodcock-Johnson Psycho-Educational Battery-Revised, and December 2002 and January 2003 Teacher Questionnaires. (AR 243).

Dr. Everhart determined that student records revealed no evidence of any health/physical problems that might interfere with her educational achievement. (AR 243). It was noted that Plaintiff's personal grooming, which she takes care of herself, was very good. (AR 244). Results of the Wechsler Intelligence Scale for Children III indicated borderline intellectual functioning. (AR 245).

Dr. Everhart diagnosed Plaintiff with a Reading Disorder, Borderline Intellectual Functioning and Educational Problems and gave Plaintiff a Global Assessment of Functioning ("GAF") score of 65.[1] She noted that Plaintiff's reading level is lower than expected given her intellectual functioning and does not indicate any significant gains for the past several years. (AR 246). Dr. Everhart found Plaintiff related well and was cooperative with adults as well as with friends her age, her behavior appeared to be appropriate, her concentration and persistence appeared to be

///

---

[1] A GAF of 70-61 is characterized as: "Some mild symptoms or some difficulty in social, occupational, or school functioning, but generally functioning pretty well." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 12 (3d ed. Rev. 1987).

in line with her intellectual functioning and her pace was adequate. (AR 247).

However, Dr. Everhart did not review the detailed May 28, 2003 teacher questionnaire completed by Plaintiff's 7th grade special education teacher, Sarah Davis. (AR 135-142). Ms. Davis reported that Plaintiff had very little academic growth during the school year, gaining only three months in reading, zero months in writing, and six months in math. (AR 142).

Ms. Davis indicated that, in the area of acquiring and using information, Plaintiff had a great deal of difficulty remembering "what was taught the previous day," and she needed "continuous repetition – direct instruction." (AR 136). She noted that Plaintiff's reasoning and problem solving skills were very low, she has difficulty remembering instructions that are more than one step, and she appears to be very dyslexic as she still reverses her letters and numbers and her writing was illegible. (AR 136). It was noted that Plaintiff had a "very serious problem" in nine of the 10 areas of functioning set forth in this domain. (AR 136). In the area of attending and completing tasks, Ms. Davis indicated that Plaintiff forgets to do her homework, loses papers, and has to sit next to the teacher when working in class because Plaintiff has difficulty following along. (AR 137). It was noted that Plaintiff has a "very serious problem" with carrying out multi-step instructions, completing assignments, completing work accurately without careless mistakes and working at a reasonable pace/finishing on time. (AR 137). No problems were reported in the areas of interacting and relating with others, moving about and manipulating objects, and caring for herself. (AR 138-140).

1    The May 28, 2003 teacher questionnaire completed by
Plaintiff's 7th grade special education teacher provides a
detailed view of Plaintiff's limitations in the classroom.  (AR
135-142).  This report, in conjunction with all other evidence of
record, should have been evaluated by a qualified pediatrician or
other individual who specializes in a field appropriate to the
alleged disability of Plaintiff.  *Wolff*, 341 F.3d at 1014; 42
U.S.C. § 1382c(a)(3)(I).  However, neither Dr. Everhart, nor any
other medical professional of record evaluated Plaintiff's case in
its entirety; taking into consideration the May 28, 2003
questionnaire in addition to all other evidence of record.
Although it appears that the ALJ considered all the record
evidence when formulating his disability determination, as in the
*Wolff* case, it is clear that at no point did the ALJ have
Plaintiff's case evaluated as a whole by a trained medical
professional.

   Based on the foregoing, the ALJ committed legal error by not
complying with the mandate of 42 U.S.C. § 1382c(a)(3)(I), as
interpreted by the Ninth Circuit in *Howard ex rel. Wolff v.
Barnhart*, 341 F.3d at 1006.  Further inquiry regarding Plaintiff's
condition is required.  Accordingly, a remand is necessary for
further proceedings so that the record may be fully developed with
regard to Plaintiff's impairments and limitations.

### CONCLUSION

   Plaintiff argues that the ALJ's errors should result in this
Court reversing the ALJ's decision and awarding benefits.  (Ct.
Rec. 13).  The Court has the discretion to remand the case for
///

additional evidence and finding or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id.* Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, further development is necessary to remedy defects and for a proper determination to be made.

On remand, the ALJ shall fully and fairly develop the record with regard to Plaintiff's mental impairments and limitations by procuring additional medical consultant information and by eliciting medical expert testimony at a new administrative hearing. The medical professionals shall evaluate Plaintiff's case in its entirety, taking into consideration the May 28, 2003 teacher questionnaire (AR 135-142) in addition to all other relevant evidence of record. The medical professionals shall address the Listings, in particular Listing 112.05, as well as the six domains of functioning. In addition to her psychological limitations, the record reflects that Plaintiff also suffers from asthma. Therefore, on remand, the ALJ shall additionally reassess Plaintiff's physical restrictions as a result of her asthma and address the limitations caused by all of her impairments, individually, and in combination. The ALJ shall also take into consideration any other evidence or testimony relevant to Plaintiff's disability claim. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 12) is **GRANTED** in part and the above captioned matter is **REMANDED** for

additional proceedings as outlined above and pursuant to sentence four of 42 U.S.C. § 405(g).

2. Defendant's Motion for Summary Judgment (Ct. Rec. 17) is **DENIED**.

3. Judgment shall be entered for **PLAINTIFF**. An application for attorney fees may be filed by separate motion.

4. The District Court Executive is directed to enter this Order, provide a copy to counsel for Plaintiff and Defendant, and **CLOSE** the file.

**DATED** this    9th    day of December, 2005.

                                        s/Michael W. Leavitt
                                        MICHAEL W. LEAVITT
                                  UNITED STATES MAGISTRATE JUDGE